UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JEFFREY P. MILLER,**

       **Plaintiff,**

v.                                                  **Case No: 6:19-cv-1282-EJK**

**COMMISSIONER OF SOCIAL SECURITY,**

       **Defendant.**

### ORDER

This cause comes before the Court on Attorney Bradley K. Boyd's Unopposed Motion for Attorney's Fees Under 42 U.S.C § 406(b) (the "Motion"), filed April 19, 2023. (Doc. 34.) Therein, Plaintiff's counsel, Bradley K. Boyd ("Counsel"), requests leave to recover $21,725.75 in attorney's fees pursuant to the Social Security Act, 42 U.S.C. § 406(b). (*Id.* at 5.) Defendant does not oppose this request. (*Id.* at 13.) For the reasons set forth below, the Motion is due to be granted.

**I.   BACKGROUND**

On June 25, 2019, Plaintiff and Counsel entered into a contingency fee agreement (the "Agreement"), whereby Plaintiff agreed that Counsel may seek a fee of 25% of the total amount of past-due social security benefits ultimately awarded to Plaintiff. (Doc. 34-4.) On October 2, 2020, the Court entered a judgment reversing and remanding this case to the Commissioner of Social Security (the "Commissioner") for further proceedings. (Doc. 23.) On August 16, 2021, the Court awarded Plaintiff

attorney's fees in the amount of $5,187.61 pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. (Doc. 27.) Plaintiff was further awarded $86,903.00 in past due benefits by the Social Security Administration. (Doc. 34 at 3.)

On April 19, 2023, Counsel filed the instant Motion seeking an award of attorney's fees. (*Id.*) Specifically, Counsel requests an order authorizing him to charge and collect $21,725.75 in attorney's fees from Plaintiff, pursuant to 42 U.S.C. § 406(b). (*Id.* ¶ 6.) The Commissioner sets forth no opposition, so the Motion is deemed unopposed. (*Id.* at 13.)

## II. STANDARD

Section 406(b) provides, in relevant part, as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1)(A). The Eleventh Circuit has held that § 406(b) "authorizes an award of attorney's fees where the district court remands the case to the Commissioner of Social Security for further proceedings, and the Commissioner on remand awards the claimant past-due benefits." *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277 (11th Cir. 2006).

## III.  DISCUSSION

### A. Fee Award Under § 406(b)

Since Plaintiff was awarded past-due benefits following remand (Doc. 34 ¶ 2), the Court may award attorney's fees under § 406(b). Counsel requests an award of $21,725.75 in attorney's fees, which is calculated as 25% of the total past-due benefits awarded to Plaintiff.[1] In *Jackson v. Commissioner of Social Security*, 601 F.3d 1268 (11th Cir. 2010), the Eleventh Circuit held that "an attorney who receives fees under both the EAJA and 42 U.S.C. § 406(b) must refund the smaller fee to his client, [but] the attorney may choose to effectuate the refund by deducting the amount of an earlier EAJA award from his subsequent 42 U.S.C. § 406(b) fee request." *Id.* at 1274. Counsel has requested the full amount in § 406(b) fees; therefore, Counsel will be instructed to refund the EAJA award to Plaintiff.

### B. Reasonableness of Contingent Fee

To evaluate an attorney's § 406(b) petition, the Court must determine whether the fee requested is reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 789, 809 (2002). In *Yarnevic v. Apfel*, 359 F. Supp. 2d 1363 (N.D. Ga. 2005), the Northern District of Georgia applied the following analysis:

> In determining whether a fee sought under § 406(b) is reasonable, the Court should look first to the contingent fee agreement and should then consider, *inter alia*, the character of the attorney's representation and the results achieved. The Court may also consider the hours the attorney spent representing the claimant before the Court and the attorney's normal hourly

---

[1] More precisely, 25% of $86,903.00 is $21,725.75.

> billing rate for non-contingent fee cases, but this data does not control the Court's determination of the requested fee's overall reasonableness.

*Id.* at 1365 (citations omitted). Courts in the Middle District of Florida have adopted this analysis. *See, e.g.*, *Quintana v. Comm'r of Soc. Sec.*, No. 6:18-cv-1267-Orl-LRH, 2020 WL 7865594, at *2 (M.D. Fla. June 1, 2020); *Whitaker v. Comm'r of Soc. Sec.*, No. 6:06-cv-1718-Orl-18KRS, 2008 WL 4710777, at *3 (M.D. Fla. Oct. 23, 2008); *McKee v. Comm'r of Soc. Sec.*, No. 6:07-cv-1554-Orl-28KRS, 2008 WL 4456453, at *5 (M.D. Fla. Sept. 30, 2008).

The Agreement demonstrates that Plaintiff agreed to pay attorney's fees equal to 25% of the total past-due benefits to which he was entitled. (Doc. 34-4.) The Commissioner does not object to the amount of fees requested. (Doc. 34 at 13.) Additionally, Counsel has represented claimants before the Social Security Administration since 1993 and devotes approximately 99% of his practice to this field of law. (*Id.* ¶ 11.) Further, Counsel represents that he spent 25.86 hours representing Plaintiff before this Court. (*Id.* ¶ 8.) After reviewing the Motion, the contingency agreement, the character of the representation, the results obtained, and Counsel's time sheet, the undersigned finds that an award of $21,725.75 in attorney's fees is reasonable.

## IV. CONCLUSION

Upon consideration of the foregoing, it is hereby **ORDERED** that:

1. The Unopposed Motion for Attorney's Fees Under 42 U.S.C § 406(b) (Doc.34) is **GRANTED**.

2. Counsel is **AUTHORIZED** to charge and collect from Plaintiff the sum of $21,725.75 in § 406(b) fees. Counsel is **ORDERED** to return to Plaintiff the previously awarded EAJA fees.

**DONE** and **ORDERED** in Orlando, Florida on May 9, 2023.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE